IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHOICE HOTELS INTERNATIONAL, :
INC. :
   v. : Civil Action No. DKC 17-3572
    :
MUHAMMAD KHAN, et al. :
    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution are an application to confirm arbitration award against Defendant Muhammad Khan (ECF No. 1) and motions for clerk's entry of default (ECF No. 7) and default judgment (ECF No. 8) as to Defendant Khan, filed by Plaintiff Choice Hotels International, Inc. ("Plaintiff"). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motions will be granted.

**I. Background**

Plaintiff commenced this action on December 1, 2017, by filing an application to confirm an arbitration award against Defendant Khan and Abdus Salam. (ECF No. 1). Mr. Salam was dismissed as a Defendant, without prejudice, on January 11, 2018. (ECF No. 6). The attached "ex-parte award of arbitrator," dated August 31, 2017, recites that Plaintiff established by a preponderance of the evidence that: Defendant

Khan, Mr. Salam, and Frontier Hotels Inc. materially defaulted on the franchise agreement, entered into on November 20, 2008; the agreement was properly terminated; and Plaintiff incurred damages under the franchise agreement for unpaid royalty fees and liquidated damages.[1]  (ECF No. 1-3, at 1-2).  The arbitrator ordered Defendant Khan, Mr. Salam, and Frontier Hotels Inc. to pay, jointly and severally, the total sum of $307,118.85 (consisting of $63,501.52 for unpaid royalty fees, $24,162.38 in interest, $214,704.95 for unpaid liquidated damages, and $4,750 for administrative fees and arbitrator compensation) within thirty days of the date of the award.[2]  (*Id.* at 2-3).  Plaintiff's application requests entry of a judgment in favor of Plaintiff and against Defendant Khan in the amount of $307,118.85, plus post-judgment interest until paid, and $400.00 for the costs of this action.  (ECF No. 1, at 6).

Plaintiff filed a return of service on January 11, 2018, indicating that Defendant Khan was served personally on December 30, 2017.  (ECF No. 4-1).  On January 29, Plaintiff

---

[1] Plaintiff did not name Frontier Hotels Inc. as a defendant in this action.

[2] The arbitration award indicates that Defendant Khan, Mr. Salam, and Frontier Hotels Inc. failed to participate in arbitration after due notice.  (ECF No. 1-3, at 1).  The arbitration clause in the parties' franchise agreement provides, "If any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against the party, notwithstanding its failure to appear."  (ECF No. 1-2 ¶ 21).

2

filed the pending motions for entry of default (ECF No. 7) and default judgement (ECF No. 8). Defendant Khan has not responded to these motions.

**II. Motion for Entry of Default**

Pursuant to Fed.R.Civ.P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Although this rule refers to entry of default by the clerk, "it is well-established that a default also may be entered by the court." *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982).

Defendant Khan was served personally on December 30, 2017. (ECF No. 4-1). He was required to respond within twenty-one days after service and has failed to do so or otherwise defend this action. Accordingly, Plaintiff's motion for entry of default as to Defendant Khan will be granted.

**III. Motion for Default Judgment**

A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *See Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002). The United States Court of Appeals for the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *United States v. Shaffer Equip.*

3

*Co.*, 11 F.3d 450, 453 (4th Cir. 1993), "but default judgment may be appropriate when the adversary process has been halted because of an [] unresponsive party," *SEC v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005).

Upon entry of default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not. *Id.* at 422. Fed.R.Civ.P. 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Thus, where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount. "[C]ourts have generally held that a default judgment cannot award additional damages . . . . because the defendant could not reasonably have expected that his damages would exceed that amount." *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000).

Plaintiff's application for confirmation of arbitration award and motion for default judgment both request entry of judgment in the amount of $307,118.85, together with interest at the post-judgment rate until paid, plus $400.00 for the costs of this action. (ECF Nos. 1, at 6; 8 ¶ 3). The court need not specifically grant an award of post-judgment interest as Plaintiff is entitled to recover such interest by operation of

4

law. *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

Where default judgment is sought with respect to an application for confirmation of an arbitration award, the petitioner "must show that it is entitled to confirmation of the arbitration award as a matter of law." *United Cmty. Bank v. Arruarana*, 2011 WL 2748722, at *2 (W.D.N.C. July 13, 2011) (citing *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109–10 (2$^d$ Cir. 2006); *McColl Partners, LLC v. DME Holdings, LLC*, 2011 WL 971575, at *1 (W.D.N.C. Mar. 17, 2011)). As set forth in 9 U.S.C. § 9:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

The arbitration clause in the parties' franchise agreement provides, in part, that "any controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement, . . . will be sent to final and binding arbitration," and that

5

"[j]udgment on the arbitration award may be entered in any court having jurisdiction." (ECF No. 1-2 ¶ 21). Pursuant to the arbitration clause, arbitration occurred in and a judgment was awarded in the state of Maryland. (ECF Nos. 1-2 ¶ 21; 1 ¶ 11). Thus, Plaintiff properly filed its application with this court within one year after the award was made, and an order confirming the award must be granted unless the award is vacated, modified, or corrected.

Section 10 of the Federal Arbitration Act allows for vacatur of an award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Additionally, the court may vacate an arbitration award "if the arbiter acted in manifest disregard of law." *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998). The scope of review of an

arbitrator's award is strictly limited to avoid frustrating the fundamental purpose of arbitration – *i.e.*, quick dispute resolution and avoidance of the expense and delay of court proceedings – and the burden of proof is on the party challenging the award to clearly establish one of the grounds for vacating the award. *Jih v. Long & Foster Real Estate, Inc.*, 800 F.Supp. 312, 317 (D.Md. 1992).

By failing to answer or otherwise respond to Plaintiff's application, Defendant Khan has not demonstrated any ground for vacating the award. The arbitrator issued the award after finding Plaintiff's motion for judgment to be supported by the parties' franchise agreement, notices of default, notice of termination, a statement of account, and a computation of liquidated damages pursuant to the agreement. (ECF No. 1-3, at 2). There is no evident reason why the award should not be confirmed. Accordingly, Plaintiff's application for confirmation of the arbitration award is granted, and Plaintiff's motion for entry of a default judgment in the amount of $307,118.85, together with interest at the post-judgment rate until paid, plus costs of $400.00 will be granted.

                                                               /s/
                              DEBORAH K. CHASANOW
                              United States District Judge